UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL JAMES WALWORTH,

    Defendant.
_____/

Case No. 1:23-cr-11-1

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is Defendant Michael James Walworth's motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) (ECF No. 110). For the following reasons, the Court denies the motion.[1]

**I. BACKGROUND**

Defendant pleaded guilty to Conspiracy to Sexually Exploit a Child (Pre-Sentence Report [PSR, ECF No. 45, filed under restricted access] ¶ 7). Defendant's total criminal history points were zero (*id.* ¶ 82). Because the statutorily authorized maximum sentence of 30 years was less than his guideline range (life), the guideline was 360 months' imprisonment (*id.* ¶ 134). On June 27, 2023, this Court sentenced Defendant to 360 months' imprisonment to be followed by ten years' supervised release (Minutes, ECF No. 60; Judgment of Sentence, ECF No. 61).

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)," Rule 43(b)(4).

After Defendant's sentencing, in August 2023, the United States Sentencing Commission submitted to Congress proposed changes to the federal sentencing guidelines, including Amendment 821, which would have retroactive effect. On November 1, 2023, when Congress failed to modify or reject Amendment 821, it became effective. Part A of Amendment 821 limits the criminal history impact of "Status Points" in Sentencing Guidelines § 4A. United States Sentencing Guideline (U.S.S.G.) § 4A1.1. Part B of Amendment 821 permits a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors. U.S.S.G. § 4C1.1. In his motion at bar, Defendant now seeks retroactive application of Amendment 821 to the Court's Judgment of Sentence.

## II. ANALYSIS

### A. Motion Standard

A "court may not modify a term of imprisonment once it has been imposed except … in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c) establishes a "two-step inquiry." *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). First, a court must "determine that a reduction is consistent with [United States Sentencing Guideline (U.S.S.G.)] § 1B1.10," *id.*, which provides in pertinent part the following:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1).

Second, the court must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)[.]" *Jones, supra*. The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B.    Discussion

Defendant's motion implicates Part B of Amendment 821 inasmuch as he had zero criminal history points at his sentencing (ECF No. 110 at PageID.887). Defendant's motion is properly denied.

United States Sentencing Guideline § 4C1.1 governs adjustment for certain zero-point offenders and provides for a two-level adjustment if a defendant "meets all of the following criteria":

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10)   the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

Here, although Defendant had zero criminal history points at his original Sentencing, he does not meet the criterion delineated at § 4C1.1(a)(5) ("the instant offense of conviction is not a sex offense"). The guideline defines sex offense to include "an offense, perpetrated against a minor, under . . . chapter 110 of title 18," U.S.S.G. § 4C1.1(b)(2), and Defendant's conviction falls within this category of offenses. *See* 18 U.S.C. § 2251. Under U.S.S.G. § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2) if . . . an Amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." Defendant's motion fails at the first step of the analysis, and the Court does not reach the § 3553(a) factors. *See Dillon*, 560 U.S. at 826.

Accordingly:

5

**IT IS HEREBY ORDERED** that Defendant's motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), including his request for appointment of counsel, (ECF No. 110) is DENIED.

Dated:  January 27, 2025                                  /s/ Jane M. Beckering
                                                                                         JANE M. BECKERING
                                                                                         United States District Judge